UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATTHEW GULLIKSON, ALEXANDRA GULLIKSON,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendants. | Case No. C20-1630 JCC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: FEBRUARY 21, 2022 |

This matter comes before the Court on Defendant United States of America's Motion for Partial Summary Judgment. Dkt. 26. Having reviewed the motion, opposition thereto, the record of the case, and the relevant legal authorities, the undersigned recommends that this Court DENY the Government's motion.

## BACKGROUND

On December 5, 2017, Plaintiff Matthew Gullikson ("Plaintiff" or "Mr. Gullikson") was driving his vehicle when allegedly struck by a mail truck driven by United States Postal Service ("USPS") employee, Charlotte Koontz. Dkt. 1 ("Complaint") at 4. On November 5, 2020, Plaintiff sued the United States ("Defendant" or "the Government") pursuant to the Federal Tort Claims Act, 28 U.S.C. 2674 ("FTCA"). *Id.* Mr. Gullikson alleges that, as a result of the collision, he sustained injuries and incurred an estimated $25,978.80 in past medical expenses. Dkt. 27 ("Declaration of Erin Hoar") at Exhibit B.

REPORT AND RECOMMENDATION - 1

On July 9, 2021, Plaintiff disclosed Frederic Braun, M.D., a neurologist, as his expert. Dkt. 30, Declaration of Douglas R. Shepherd, at 2. Plaintiff disclosed that Dr. Braun's testimony is expected to "include the reasonableness of treatment and billing, opinion on restrictions, limitations, impairment and injury causation." *Id.* Dr. Braun performed an independent medical examination of Plaintiff on October 28, 2019, and subsequently drafted a report summarizing his opinions and evaluation of Plaintiff. *Id.* at 13-16. Dr. Braun concluded that Plaintiff's treatment "to date is necessary and appropriate and due solely to the motor vehicle accident." *Id.* at 16.

The Government deposed Dr. Braun on September 3, 2021. Dkt. 27 at Exhibit D. During the deposition, Dr. Braun testified that he had only reviewed the billing from Dr. Landau. *Id.* at 73:14-17. Further, he testified that when he opined in his report that Plaintiff's "treatment to date was necessary and appropriate," he was not making any opinions about specific charges. *Id.* at 74:4-8.

In addition to disclosing Dr. Braun as Plaintiff's expert witness, Plaintiff also disclosed the following treating health providers who may present evidence and be asked to express expert opinions: James Beieler, DO; Christopher J. Mitchell, DPT; John Permen, DC; Theresa Murry, DC; and Arthur Watanabe, MD. Dkt. 27 at Exhibit B. None of these treating health providers were identified by plaintiff as being expected to testify about the reasonableness of Plaintiff's medical bills. *Id.*

Discovery closed on November 12, 2021. Dkt. 17. On December 14, 2021, the Government filed a motion for partial summary judgment as to Plaintiff's past medical expenses. Dkt. 26. Specifically, the Government argues that Dr. Braun cannot testify to the reasonableness and necessity of Plaintiff's past medical expenses because Dr.

Braun stated, in response to a question during his deposition, that he had not engaged in review of the medical bills. Dkt. 26 at 2.

In response to the Government's motion, Plaintiff states that it would be appropriate for his treating health providers to provide testimony on the reasonableness and necessity of his medical bills as a result of the collision. Dkt 28 at 10. Further, Plaintiff argues that the Court should allow Dr. Braun to supplement his opinion, consistent with the Declaration of Dr. Braun filed with Plaintiff's response, rather than summarily dismiss Plaintiff's claim for past treatment expenses. *Id.* at 13. Dr. Braun declared that as of January 3, 2022, he reviewed $28,763.25 in medical bills incurred by Plaintiff and opined that the treatment was reasonable and necessary. Dkt. 29 ("Declaration of Dr. Braun") at ¶¶ 13-14.

## LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325.

If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

## DISCUSSION

Under Washington law, a plaintiff in a negligence case may recover only the reasonable value of medical services received, not the total of all bills paid. *Torgeson v. Hanford*, 79 Wash. 56, 58-59, 139 P. 648 (1914). Thus, the plaintiff must prove that medical costs were reasonable and, in doing so, cannot rely solely on medical records and bills. *Nelson v. Fairfield*, 40 Wash. 2d 496, 501, 244 P.2d 244 (1952). Medical records and bills are relevant to prove past medical expenses only if supported by additional evidence that the treatment and the bills were both necessary and reasonable. *See Patterson v. Horton*, 84 Wn.App. 531, 929 P.2d 1125, 1130 (Wash. Ct. App. 1997). Nor can plaintiff rely solely on his or her own testimony as to amounts incurred. *See Nelson v. Fairfield*, 40 Wn.2d 496, 501, 244 P.2d 244 (1952).

Generally, expert testimony will be necessary to establish the reasonableness and necessity of medical expenses. *See* Washington Pattern Instruction ("WPI") 30.07.01; *Hills v. King*, 66 Wn.2d 738, 741, 404 P.2d 997 (1965) (noting that the "medical testimony" was uncontroverted that plaintiff's medical expenses were reasonable and necessary); *Lakes v. Vondermehden*, 117 Wn.App. 212, 219, 70 P.3d

154 (2003) (suggesting that in the absence of an admission by defendant that certain medical expenses were reasonable and necessary, expert testimony would be needed).

Here, according to Plaintiff's F.R.C.P. 26(a)(2) disclosure, Dr. Braun was expected to testify on the reasonableness of Plaintiff's treatment and billing. However, when asked whether he reviewed any of the treatment billing from Plaintiff's health providers during his deposition, Dr. Braun testified that he had only reviewed Dr. Laundau's billing. Dkt. 27 at Exhibit D, 73:14-16. Dr. Braun stated that if the case goes to trial, he will then look at the specific charges and provide an opinion. *Id.* at 74:8-10. But, as of the date of the deposition, Dr. Braun stated that he had no opinion regarding the charges that Plaintiff incurred in his treatment. *Id.* 74:11-15. It was only in response to the Government's motion that Dr. Braun has *now* declared that he has reviewed the medical bills.

Dr. Braun's declaration, while not labeled a "supplemental report," appears to be a supplement, because it contains new opinions based on updated information. Rule 26(e) requires supplementation when "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing...." Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e) does not provide a second chance to raise issues that should have been included in an expert's initial report. *Plumley v. Mockett,* 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010).

In this case, the information included in Dr. Braun's declaration, i.e., Plaintiff's medical bills, was available to Dr. Braun before his deposition. Therefore the information should have been disclosed in Dr. Braun's initial report, or if some of the information

1  was not available at the time of the initial report, then it should have been disclosed in a
2  supplemental report before his deposition. *See Yeti by Molly, Ltd. v. Deckers Outdoor*
3  *Corp.,* 259 F.3d 1101, 1106-1107 (9th Cir. 2001) (where there is a late disclosure, the
4  information may be introduced at trial if the failure to disclose the required information is
5  substantially justified, or harmless).
6         However, given that trial is set for March 14, 2022, the Government has sufficient
7  time to re-open the deposition of Dr. Braun on this specific topic, i.e., his review of
8  reasonableness and necessity of Plaintiff's medical bills. The Court considers the
9  factors used in analyzing a Rule 16 motion, because they are analogous for analyzing
10 the issue here. District Courts are to consider the following factors when considering a
11 motion to reopen discovery: 1) whether trial is imminent, 2) whether the request is
12 opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving
13 party was diligent in obtaining discovery within the guidelines established by the court,
14 5) the foreseeability of the need for additional discovery in light of the time allowed for
15 discovery by the district court, and 6) the likelihood that the discovery will lead to
16 relevant evidence. *City of Pomona v. SQM N. Am. Corp.,* 866 F.3d 1060, 1066 (9th Cir.
17 2017).
18        In considering these factors, the Court should allow Dr. Braun to be re-deposed
19 (but not the other expert witnesses disclosed by Plaintiff as treating physicians and
20 health care providers, as discussed below) – limited to this topic. In addition to the
21 parties having sufficient time to conduct Dr. Braun's limited deposition prior to the start
22 of trial, the Court also recognizes that Dr. Braun's analysis will be a key factor at trial as
23 to the alleged damages sustained by Plaintiff as a result of the collision. There is a
24
25

lesser sanction available -- Plaintiff should be required, under FRCP 37(c)(1)(A) to pay costs and attorneys' fees for any re-opening of the deposition. *See, R & R Sails, Inc. v. Insurance co. of Pennsylvania,* 673 F.3d 1240, 1247-1248 (9th Cir. 2012) (if the decision to sanction a party for a discovery violation amounts to dismissal of a claim, the Court is required to consider whether the noncompliance was willful, whether the non-complying party was at fault, and whether there was bad faith; the Court must also consider whether lesser sanctions are available).

With respect to Plaintiff's other disclosed healthcare providers, Plaintiff is correct in stating that the disclosed healthcare providers are not required to provide a report under Rule 26(a)(2)(B) and may testify as percipient fact witnesses and provide expert testimony under Evidence Rule 702, 703, or 705. Fed. R. Civ. P. 26 Advisory Committee Notes (2010). However, the rules also provide that "if the witness is not required to provide a written report, this disclosure must state: (i) the subject on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2).

Here, the disclosures did not state that any of Plaintiff's healthcare providers will present evidence on the reasonableness of Plaintiff's medical bills. Given that testifying on this issue is material to Plaintiff's case, it would be reasonable for the Government and the Court to expect that this anticipated testimony would be included in Plaintiff's disclosures. In other words, the Court does not consider testimony regarding Plaintiff's medical bills to be an "undue detail." Thus, Plaintiff's healthcare providers should not be allowed to opine regarding the reasonableness and necessity of Plaintiff's medical bills.

NOTING DATE: FEBRUARY 21, 2022 - 7

**CONCLUSION**

Based on the foregoing, the Court should DENY the Government's motion for summary judgment and permit the Government to re-depose Dr. Braun on his review and analysis of Plaintiff's medical bills. The plaintiff should be required, under FRCP 37(c)(1)(A) to pay costs and attorneys' fees for any re-opening of the deposition. The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2).

Accommodating this time limitation, this matter shall be set for consideration on **February 21, 2022**, as noted in the caption.

Dated this 7th day of February, 2022.

Theresa L. Fricke
United States Magistrate Judge